Affidavit of Mahmoud M. Saleh, Accused

Now comes the Affiant MAHMOUD M. SALEH, ACCUSED, and under penalty of perjury states:

1.) During pre-trial detainment, Affiant attempted to resolve the issues mentioned in this instant motion to travel, with no avail.

2.) During pre-trial detainment, Affiant had family members and others explore all legal remedies in Jordan to resolve such issues, with no avail.

3.) During pre-trial detainment, Affiant executed a POWER OF ATTORNEY to appoint his brother Ahmed Saleh, to execute any and all necessary documents to resolve such issues, with no avail. Specifically, the mentioned POWER OF ATTRONEY, was executed at MCC-Chicago and notarized by its Federal Employee, ARTHUR S WILSON, on the 27th day of June, 2011. Then, certified by the Secretary of State of Illinois on July 12, 2011, attached thereto. Then, certified by the US Department of State on July 14, 2011, attached thereto. Then, authenticated by the Consulate of the Hashemite Kingdom of Jordan in Washington, D.C. on July 18, 2011, attached thereto. Then, translated in Jordan to Arabic on September 18, 2011, by Nahda Office (www.nahdaoffice.com), attached thereto.

4.) In January 2012, both the government and Pre-Trial Services agreed to the Accused's pretrial release.

5.) Preponderance of evidence support Affiant is not a flight risk.

6.) The government and Pre-trial Services claims that if Affiant is granted travel he would fail to appear, are unsupported and unwarranted because (a) your Affiant is willing to execute any document to waive his right to challenge extradition from Jordan; (b) your Affiant has already served a substantial portion of any sentence he might receive if he were to be found guilty or plead guilty of the offense charged in this case; (c) the Accused's close friend has signed as surety and has pledged all of the equity in her house as bond in this matter; and (d) the Accused is under subpoena and a necessary witness for his brother who is a defendant in a case scheduled for trial on May 30, 2012.

7.) The governments claims that if Affiant is in Jordan and due to lack of extradition agreement with Jordan, it would be difficult to extradite Affiant from Jordan are also false. In support, Affiant has agreed to execute any necessary documents with the government and Pre-trial Services, and to the court waiving all such rights to assure his intentions are not to flee or evade justice.

8.) Within a couple of days prior to appearing in front of your honor, Affiant learned it may be possible to complete the transactions at issue at the Embassy of Jordan in Washington, D.C.- and notified counsel of such- which your honor suggested and counsel stated such for the record.

9.) Thereafter, Affiant did make such attempt and efforts in search of a solution to the issues at hand without travel, with no avail. Attached, letter from Consular at the Embassy of the Hashemite Kingdom of Jordan in Washington, D.C.

10.) Affiant affirms if there was or there is any other way to execute and complete the transactions at issue without travel to Jordan or anywhere else, he would rather take the approach without travel.

11.) Affiant affirms filling the instant motion for travel was and is the only last option available to cure the issues at hand.

12.) Affiant affirms taking his mother with for travel was due to his own circumstances for travel. All his siblings are unable to travel at this time, due to marital situation, kids responsibilities, or other legal reasons. And, due to the recent set back of continuing the instant motion for travel. Affiant may not be able to take her along due to the short time available and possible reservation issues.

13.) During this instant release, again, Affiant had fully and successfully complied with the conditions of release in the instant matter.

14.) During release, Affiant has been working on legal issues and matters other then this instant matter, thus proves, Affiant had not has intentions or plans of fleeing or evading justice.

15.) On April 20, 2012, Affiant has been served with a subpoena (attached) to testify on April 23, 2012, in criminal proceedings, at 2650 S. California Ave. in Chicago.

16.) On April 23, 2012, the trial was rescheduled to May 30, 2012, in accordance to all the parties calendars, including Affiants possible travel to Jordan. Therefore, Judge Coghlan, ordered all subpoenas continued until the date set.

17.) Affiants testimony is crucial to the defense and the defendants acquittal. The defendant- Kamal Albitar- is my brother. Therefore, I will not burden him with any failure to appear at such proceedings. And this additional reason, is further guarantee to this court that the Affiant has no intentions of fleeing or evading justice, and will assure this court that he will return from his trip as ordered.

18.) Affiant affirms that he is not a flight risk, and has no intention of fleeing or obstructing justice in any way or form, neither in the instant case nor his brothers criminal proceedings.

19.) Further, Affiant affirms he has no intention and will not burden his surety holder by fleeing or violating his instant release conditions.

20.) Affiant affirms he has no intention and will not burden his family and loved ones with any detachment caused or due to fleeing or violating his instant release conditions.

21.) Further, your Affiant has confirmed that there are no outstanding warrants for him issued in Jordan that would prevent his return to the United States.

22.) Again, Affiant further affirms he has no intentions, plans, plots, ideas, etc. to flee or not return to the United States if granted his motion to travel to Jordan or any other relief granted by this court.

23.) For all the facts stated herein, Affiant affirms that he will comply with any and all conditions imposed by this court and pretrial services and including any conditions imposed for travel.

24). Affiant affirms his request to travel is for legitimate business purposes. And, the inability to travel would result in substantial hardships and forfeiture of substantial property to both Affiant and his family.

25.) If called to testify in this case, I would testify consistently to the facts outlined herein to the best of my knowledge and ability.

_____
Mahmoud M. Saleh

Sworn before me this 1st day of May, 2012, at Park Ridge, Illinois.

_____
Signature of Notary Public

OFFICIAL SEAL
ANTHONY J SASSAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/10/14